UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>JOHN RAY WATTS,<br><br>　　　　　　　　　　　　Defendant(s). | Case No. 2:06-CR-202 JCM (LRL)<br><br>ORDER |

　　　　Presently before the court is the case of *United States of America v. John Ray Watts*, case number 2:06-cr-00202-JCM-LRL.

　　　　On May 5, 2016, the parties submitted a joint motion to reduce defendant's sentence under 28 U.S.C. § 2255(a). (ECF No. 49). The parties have reached an agreement concerning a sentence reduction for defendant John Ray Watts in light of the United States Supreme Court's 2015, decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

　　　　In *Johnson*, the Supreme Court found the Armed Career Criminal Act's ("ACCA") residual clause unconstitutionally vague and held that imposing an enhanced sentence under that clause violates the Constitution's guarantee of due process. *Id.* at 2563. In *Welch* v. *United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the rule announced in *Johnson* applies retroactively to ACCA cases on collateral review. *Id.* at 1268.

　　　　The ACCA features an enhancement under 18 U.S.C. § 924(e)(2)(B) for a felon who has "three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(2)(B). The enhancement mandates a fifteen-year minimum sentence with a maximum term of life in prison when it applies. *See id.*

　　　　Defendant pled guilty to possession of a firearm by a convicted felon, a crime which in the absence of a sentencing enhancement carries a maximum term of imprisonment of ten years. *See* 18 U.S.C. §§ 922(g) and 924(a)(2). At sentencing, the court found that defendant qualified as an

**James C. Mahan**
**U.S. District Judge**

armed career criminal under § 924(e)(2)(B) based on four prior Nevada state burglary convictions, applied the enhancement, and sentenced defendant to the mandatory minimum of 180 months imprisonment to be followed by five years supervised release.

After the Supreme Court's 2013, decision in *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013), however, defendant's burglary convictions no longer qualify as predicate ACCA offenses under the enumerated offenses clause. *See id.* Thus, the only statutory basis for defendant's enhanced sentence after *Descamps* was the residual clause invalidated under *Johnson*. *See Johnson*, 135 S. Ct. at 1263; *id.* Accordingly, defendant no longer qualifies as an armed career criminal under § 924(e)(2)(B) and the parties have agreed that he is entitled to a reduced sentence under 28 U.S.C. § 2255(a) and the *Johnson* decision. *See* 28 U.S.C. § 2255(a).

The parties agree that the current sentence is in excess of the statutory maximum for the crime of felon in possession of a firearm. The parties also agree that, at the time of the filing of the motion, defendant had been in custody for eight years and ten months (106 months) and, pursuant to normal good-time credit calculations, would have been released before now had he been sentenced to the statutory maximum for the crime of felon in possession. *See* 18 U.S.C. §§ 922(g) and 924(a)(2); (ECF No. 49 at 3). That being the case, pursuant to the parties' joint motion, defendant's original sentence shall be vacated and the court resentences defendant to time served, followed by three years of supervised release. This results in defendant's *immediate release*.

Accordingly, with good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the parties' joint motion to correct sentence (ECF No. 49) be, and the same hereby is, GRANTED.  Defendant John Ray Watts shall receive the agreed upon corrected sentence pursuant to 28 U.S.C. § 2255.

IT IS FURTHER ORDERED that the judgment against defendant John Ray Watts, dated July 11, 2007, (ECF No. 41) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that defendant John Ray Watts be, and he hereby is, SENTENCED to time-served, to be followed by three (3) years of supervised release. All other provisions of the judgment dated July 11, 2007, (ECF No. 41) are to remain in effect.

DATED May 12, 2016.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -